UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Tonopah & Tidewater Railroad, Co., et al.,

Petitioners

v.

Clark County Department of Environment and Sustainability, Division of Air Quality,

Respondent

Case No. 2:25-cv-01643-CDS-DJA

**Order Remanding Action to State Court and Denying as Moot Petitioners' Motion for Stay**

[ECF No. 13]

This action involves fines that were levied against the petitioners by the respondent. *See* Pet. for removal, ECF No. 1. Petitioners removed this action to federal court on September 2, 2025, *id.*, and then filed a motion to stay execution of penalty. Mot., ECF No. 13. The motion is fully briefed. Opp'n, ECF No. 14; Reply, ECF No. 15. For the reasons set forth herein, I remand this action to the Eighth Judicial District Court and deny as moot the pending motion for a stay.

## Discussion

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. Indeed, federal courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). Further, federal courts have an obligation to examine jurisdiction sua sponte before proceeding to the merits of a case. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (holding federal courts have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party").

I conducted a review of this action and have determined I lack subject matter jurisdiction over it because the plaintiff, not the defendant, removed this case to federal court.[1] The law is clear—the right to remove is limited to the defendant. 28 U.S.C. § 1446(b)(1). Indeed, a "plaintiff who commences [their] action in a state court cannot effectuate removal to a federal court even if [they] could have originated the action in a federal court." *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988). Here, the petitioners initiated this action in state court action and then improperly removed the case to federal court. *See* ECF No. 1. Accordingly, I remand this case to state court and deny as moot the petitioners' motion to stay.[2]

## Conclusion

IT IS HEREBY ORDERED that the petitioners' motion for a stay **[ECF No. 13] is DENIED as moot.**

IT IS FURTHER ORDERED that this action is remanded to the Eighth Judicial District Court, Clark County, Nevada, Dept. 23, Case No. A-25-926975-J.

The clerk of court is kindly directed to send a copy of this order, ECF Nos. 13–15, and the docket to the state court, and then close this action.

Dated: August 11, 2026

Cristina D. Silva
United States District Judge

[1] In its opposition to the motion to stay, the defendant asks this court to remand this action, albeit for different reasons. *See* ECF No. 14 at 10–13.

[2] The court's review of this action suggests that the only reason that petitioners removed this action was to purposely delay review of the petition for judicial review it filed in state court. The petitioners did not even cite which provision under 28 U.S.C. § 1441 permitted removal.